IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–02377–REB–KMT

LESTER WILLIAMS, an individual,

    Plaintiff,

v.

PHILIP ARAGON,
LOU ARCHULETA,
MARY CARLSON,
JAMES COOPER,
STEVEN HAGER,
PAUL HOLLENBECK,
KRISTIN WATT,
JOHN DOE, individual employees of the Colorado Department of Corrections,
RICHARD LALONDE,
JAMES MARKUM, individual employees of Cheyenne Mountain Re-Entry Center in Colorado Springs, Colorado, and
COMMUNITY EDUCATION CENTERS, INC., d/b/a CHEYENNE MOUNTAIN REENTRY CENTER in Colorado Springs, Colorado,

    Defendants.

## ORDER

    This matter is before the court on Defendants' "Joint[1] Motion to Stay." (Doc. No. 34, filed Dec. 23, 2013.) "Plaintiff's Opposition to Motion to Stay Discovery" was filed on January 13, 2014. (Doc. No. 41.) Although the time for Defendants to file a reply has not yet passed, the

---

[1] Defendants' Motion is "joint" insofar as it was filed by both the CDOC and CMRC Defendants. It is not joint between Defendants and Plaintiff.

1

court notes that it may rule on a motion at any time after it is filed.  D.C.COLO.LCivR 7.1C.  For the following reasons, Defendants' Motion to Stay is GRANTED.

Plaintiff's Complaint, filed September 3, 2013 (Doc. No. 1), alleges two claims, pursuant to 42 U.S.C. § 1983, for violations of his Eighth Amendment and Fourteenth Amendment rights, as well as a state law negligence claim, based on Defendants' actions of revoking his parole for 378 days.  Plaintiff alleges that this parole revocation was 198 days more than the 180 days allowed under Colorado law for a technical violation of the terms of parole where the original conviction was not a Crime of Violence.

Defendants Community Education Centers, Inc. d/b/a/ Cheyenne Mountain Re-Entry Center, James Markum, and Richard LaLonde (hereinafter the "CMRC Defendants") and Defendants Aragon, Archuleta, Carlson, Cooper, Hager, Hollenbeck, and Watt (hereinafter the "CDOC Defendants") filed separate Motions to Dismiss on November 22, 2013.  (Doc. No. 26 [CMRC Mot. Dismiss] & Doc. No. 28 [CDOC Mot. Dismiss].)  In their Motion to Dismiss, the CDOC Defendants argue, *inter alia*, that they are entitled to qualified immunity from Plaintiff's constitutional claims.  (CDOC Mot. Dismiss at 13-15.)  As such, Defendants argue in their Motion to Stay that discovery in this case should be stayed until after ruling on the Motions to Dismiss.

Immunity provisions, whether qualified, absolute or pursuant to the Eleventh Amendment, are meant to free officials from the concerns and burdens of litigation, such as disruptive discovery.  *See Ashcroft v. Iqbal,* 556 U.S. 662, 685 (2009) (citing *Siegert v. Gilley,* 500 U.S. 226, 236 (1991)) (Kennedy, J., concurring in judgment); *see also Workman v. Jordan,*

958 F.2d 332, 335 (10th Cir. 1992) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 817-18 (1982)) (qualified immunity, if successful protects the official both from liability as well as from the ordinary burdens of litigation). As explained by Justice Kennedy in *Iqbal,* there are serious and legitimate reasons for this protection.

> If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government.

556 U.S. at 685.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.,* 02–CV–01934–LTB–PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished). Nevertheless,

> [t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)). A stay of proceedings is thus an appropriate exercise of this court's discretion. *Id.*

Additionally, a court may decide that in a particular case it would be wise to stay proceedings until certain challenges have been resolved. *See* 8A Charles Alan Wright, Arthur R.

3

Miller & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010). Although a stay of all proceedings is generally disfavored, *see Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009), a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003). *See also Vivid Techs., Inc. v. Am. Sci. & Eng'r, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved"). When considering a stay of proceedings, this court considers: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85–2216–O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

The court acknowledges that Plaintiff has an interest in proceeding with this case in an expeditious manner, and that "with the passage of time, the memories of the parties and other witnesses may fade, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed." (Resp. at 11 (quoting *Sanaah v. Howell,* 08-cv-02117-REB-KLM, 2009 WL 980383, at *1 (D. Colo. Apr. 9, 2009)). Nevertheless, the court finds that any potential prejudice to Plaintiff is outweighed by the burden on the CDOC Defendants if they forced to proceed with discovery in spite of well-established precedent supporting a stay when qualified immunity is raised as a defense.

Plaintiff argues that a stay is not appropriate in this case because the CDOC Defendant's

immunity defense is not "particularly well developed or compelling on its face." (Resp. at 12 (quoting *Sanaah,* 2009 WL 980383, at *1)); *see also Rome v Romero,* 225 F.R.D. 640, 643 (D. Colo. 2004) (noting that "a *well-supported* claim of qualified immunity should shield a defendant from unnecessary and burdensome discovery.") (emphasis added). The court disagrees. The CDOC Defendants have argued at length that their actions did not violate Plaintiff's constitutional rights because, even though Plaintiff's conviction may not have constituted a crime of violence *per se,* the CDOC was nevertheless required to examine the facts and determine if plaintiff's conviction nevertheless falls within the definition of a crime of violence in determining whether to release him. (CDOC Mot. Dismiss at 10-11 (citing *Busch v. Gunter,* 870 P.2d 586, 587 (Colo. App.1993)). Although the court declines to discuss the proper resolution of the CDOC Defendants' Motion to Dismiss in detail at this time, it does note that the CDOC Defendants' would likely be entitled to qualified immunity if this argument proves correct. *See PJ ex rel. Jensen v. Wagner,* 603 F.3d 1182, 1196 (10th Cir. 2010) (qualified immunity applies if the plaintiff fails to establish (1) that the defendant's actions violated a federal constitutional or statutory right or (2) that the federal right was clearly established at the time of the challenged conduct). As such, the court rejects Plaintiff's argument that the CDOC Defendants' qualified immunity argument is too specious to support a stay of discovery.[2]

---

[2] Plaintiff also argues that the CDOC defendants' qualified immunity defense contradicts their own admissions and actions with respect to Plaintiff. Namely, Plaintiff argues he was released after Defendants admitted, in writing, that they were holding him illegally. However, because the CDOC Defendants have raised qualified immunity in a motion to dismiss, the court's analysis of the defense will be limited to the four concerns of the complaint. Further, the CDOC Defendants' qualified immunity defense appears to raises a question of law regarding the proper interpretation of Colorado statutes. Therefore, at this time, Defendants' purported admissions

Plaintiff also points out that the CMRC Defendants have not, and likely cannot, raise qualified immunity as a defense.  Therefore, Plaintiff argues that even if the CDOC Defendants may be entitled to a stay based on qualified immunity, discovery should not be stayed with respect to the CMRC Defendants.  However, the Supreme Court has recognized:

> It is no answer to these concerns [of avoiding disruptive discovery] to say that discovery can be deferred while pretrial proceedings continue for other defendants.  It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position.  Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Iqbal*, 556 U.S. at 685.  As such, proceeding with discovery as to the claims or defendants that are not subject to the assertion of qualified immunity is not a permissible alternative.  Nor would it be enviable to proceed with discovery in such a piecemeal fashion.

The third *String Cheese* factor also favors a stay.  Although the court has an interest in managing its docket by seeing the case proceed expeditiously,[3] the court finds that any inconvenience that might result from rescheduling the docket is outweighed by the potential waste of judicial resources that would result from allowing discovery to proceed only to have the case subsequently dismissed in its entirety on the grounds raised in the motions to dismiss.  Indeed, upon review, granting both Motions to Dismiss *in toto* would be dispositive of this entire

---

are not relevant to Defendants' qualified immunity defense.

[3] Plaintiff appears to argue that a stay is improper because District Judge Blackburn's Practice Standards discourage motions to stay. (Resp. at 3-4.)  To the contrary, Judge Blackburn's Practice Standards discourage motions to continue and motions for extension of time—they do not discuss motions to stay.  *See* REB Civ. Practice Standard II.F.1, G.1.

case. *See Nankivil,* 216 F.R.D. at 692 (a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action.").

Finally, neither the interests of nonparties or the public interest in general prompt the court to reach a different result. Accordingly, on balance, the court finds that a stay of discovery is appropriate in this case. Therefore, it is

ORDERED that Defendants' "Joint Motion to Stay" (Doc. No. 34) is GRANTED. All discovery in this matter is hereby STAYED pending ruling on Defendants' Motions to Dismiss. The Scheduling Conference set for January 23, 2014 is VACATED. No later than seven days after ruling on Defendants' Motions to Dismiss, if any portion of this case remains pending, the parties shall file a Joint Status Report advising whether the stay should be lifted and the Scheduling Conference should be reset.

Dated this 17th day of January, 2014.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge