## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Robert E. Blackburn

Civil Action No. 13-cv-02377-REB-KMT

LESTER WILLIAMS, an individual,

    Plaintiff,

v.

PHILIP ARAGON,
LOU ARCHULETA,
MARY CARLSON,
JAMES COOPER,
STEVEN HAGER,
PAUL HOLLENBECK,
KRISTIN WATT, and
JOHN DOE, individual employees of the Colorado Department of Corrections;
RICHARD LALONDE, and
JAMES MARKUM, individual employees of Cheyenne Mountain Re-Entry Center in Colorado Springs, Colorado; and
COMMUNITY EDUCATION CENTERS, INC. d/b/a CHEYENNE MOUNTAIN REENTRY CENTER in Colorado Springs, Colorado,

    Defendants.

## ORDER RE: RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

The matters before me are (1) the **Recommendation of United States Magistrate Judge** [#45],[1] filed August 18, 2014; and (2) **Plaintiff's Objection to Magistrate Judge's Recommendation** [#50], filed September 12, 2014. I sustain the objection in part, but grant the apposite motions to dismiss on alternative grounds.

---

[1] "[#45]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and have considered carefully the recommendation, objections, and applicable caselaw.  Neither party filed objections to the magistrate judge's determination that plaintiff's claims are not barred by limitations, and I thus approve and adopt that portion of the recommendation. However, I find I must respectfully reject the magistrate judge's more substantive recommendation. Some factual background is necessary to provide context.

In September 2005, plaintiff pleaded guilty to second-degree kidnapping under § 18-3-302(1), C.R.S.  Although a police report contained allegations that plaintiff had wielded a knife and threatened to kill his victim in the commission of the offense, plaintiff alleges that the District Attorney did not charge him based on those facts, nor did they form the basis of his conviction or sentence.  Nevertheless, while plaintiff was incarcerated, an unknown prison official (the defendant John Doe), completed a "Diagnostic Narrative Summary," which characterized plaintiff's original charge as "violent."

Plaintiff was released on parole in November 2009, but in March 2011, his parole officer, defendant Kristin Watt, filed a complaint alleging that plaintiff had committed several technical violations of parole.  Although plaintiff alleges that the typical response to the type of violations with which he was charged was far less draconian, Ms. Watt instead sought to revoke his parole based on the characterization of his crime as violent.  Ms. Watt advised the parole board at plaintiff's revocation hearing that he had been convicted of a crime of violence.  When plaintiff's parole subsequently was revoked, he was returned to prison for the remainder of his sentence – 487 days.

2

By this lawsuit, plaintiff maintains that he was entitled to be revoked for no more than 180 days[2] under the terms of the state parole revocation statute, §17-2-103(11)(b)(IV), C.R.S.  The magistrate judge found that this statute authorized the parole board to determine on its own, and contrary to the findings of the sentencing court, that plaintiff had been convicted of a crime of violence.  She therefore concluded that plaintiff had failed to state plausible claims for violation of his Eighth and Fourteenth Amendment rights.   I concur that defendants are entitled to qualified immunity, but on the second prong of the qualified immunity analysis – that is, even assuming *arguendo* that such rights existed, they were not clearly established at the time the violations occurred.  **See  Swanson v. Town of Mountain View, Colorado**, 577 F.3d 1196, 1199 (10th Cir. 2009) ("Recognizing the complexities of resolving the question of constitutional liability, the Supreme Court allows us the discretion to decide 'which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.'") (quoting **Pearson v. Callahan**, 555 U.S. 223, 236, 129 S.Ct. 808, 818, 172 L.Ed.2d 565 (2009)).

Officials are immune from civil liability unless their actions violate "clearly established statutory or constitutional rights of which a reasonable person would have known."  **Harlow v. Fitzgerald**, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); **see also Herring v. Keenan**, 218 F.3d 1171, 1175 (10th Cir. 2000), **cert. denied**, 122 S.Ct. 96 (2001).  "The law is clearly established either if courts have previously ruled that materially similar conduct was unconstitutional, or if 'a general

---

[2]  Plaintiff was released on March 16, 2012, having served 278 days in prison.

constitutional rule already identified in the decisional law [applies] with obvious clarity to the specific conduct at issue.'" **Buck v. City of Albuquerque**, 549 F.3d 1269, 1290 (10th Cir. 2008) (quoting **United States v. Lanier**, 520 U.S. 259, 271, 117 S.Ct. 1219, 1227, 137 L.Ed.2d 432 (1997)). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful under the circumstances presented." **Herrera v. City of Albuquerque**, 589 F.3d 1064, 1070 (10th Cir. 2009).

"Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." **Estate of Booker v. Gomez**, 745 F.3d 405, 427 (10th Cir. 2014) (citation and internal quotation marks omitted). Plaintiff points to no case – and this court has found none – stating that the parole revocation statute precludes the parole board from determining that a parolee has committed a crime of violence. Plaintiff''s argument – that the right to be free from incarceration without due process and the Eighth Amendment right to not be held beyond one's term of imprisonment are both clearly established – presents the question at too high a level of abstraction. **See Jones v. Hunt**, 410 F.3d 1221, 1230 (10th Cir. 2005) ("[I]f alleged at a sufficient level of generality, any constitutional violation would deprive government officials of qualified immunity."). Nor is this a case where those precedents apply with such "obvious clarity" to the circumstances of this case that defendants can be charged with knowing that they were violating the law despite the lack of a closely analogous precedent. **See Buck**, 549 F.3d at 1290. The very intricacy

4

of the magistrate judge's legal analysis, which drew from cases that were analogous but not directly on point, strongly suggests that any constitutional violation was not so plainly obvious as to be clearly established on the basis of these more general principles of constitutional law.  *See **Lassiter v. Alabama A & M Univ**ersity*, 28 F.3d 1146, 1149 n.8 (11th Cir. 1994) (en banc) ("We cannot realistically expect that reasonable police officers know more than reasonable judges about the law."), ***overruled on other grounds by Hope v. Pelzer***, 536 U.S. 730, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002) (citation and internal quotation marks omitted); ***Swanson v. Powers***, 937 F.2d 965, 968 (4th Cir. 1991) ("Since qualified immunity is appropriate if reasonable officers could disagree on the relevant issue, it surely must be appropriate when reasonable jurists can do so.") (internal citation omitted), ***cert. denied***, 112 S.Ct. 871 (1992).

Accordingly, I ultimately agree with the magistrate judge that the CDOC defendants' motion to dismiss must be granted, albeit on the second prong of the qualified immunity defense, rather than the first.  The magistrate judge assumed *arguendo* that defendants LaLonde and Markum and their employer, Cheyenne Mountain Re-Entry Center ("CMRC"), were state actors for purposes of her analysis of the federal section 1983 claims, and doing likewise, I dismiss the federal constitutional claims against them as well.

Although that same assumption does not necessarily absolve the CMRC defendants from potential liability as to plaintiff's state-law claim of negligence, the only alleged basis for federal jurisdiction over this claim is supplemental jurisdiction pursuant

to 28 U.S.C. § 1367.  (**Complaint** ¶ 25 at 7 [#1], filed September 3, 2013.)  When all federal claims have been dismissed prior to trial, the court generally should decline to exercise supplemental jurisdiction over pendant state claims.  *United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002).  I find it appropriate to do so here, and thus will dismiss the pendant claims without prejudice.

  **THEREFORE, IT IS ORDERED** as follows:

  1. That the **Recommendation of United States Magistrate Judge** [#45], filed August 18, 2014, is **APPROVED** and **ADOPTED** insofar as it recommends that the **CMRC Defendants' Motion to Dismiss** [#26] and the CDOC Defendants' **Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) and (6)** [#28] be granted and that the operative complaint [#1] be dismissed;

  2. That the objections stated in **Plaintiff's Objection to Magistrate Judge's Recommendation** [#50], filed September 12, 2014, are **OVERRULED** as follows:

    a. That the objections are **OVERRULED** as moot insofar as they go to the magistrate judge's conclusion that plaintiff did not establish a constitutional violation with respect to his First and Second Claims for Relief; and

    b. That in all other respects, the objections are **OVERRULED**;

  3. That the **CMRC Defendants' Motion To Dismiss** [#26], filed November 22, 2013, is **GRANTED**;

  4. That the CDOC defendants' **Motion To Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (6)** [#28], filed November 22, 2013, is **GRANTED**;

  5. That plaintiff's claims are **DISMISSED** as follows:

      a. That plaintiff's First and Second Claims for Relief under 42 U.S.C. § 1983 are **DISMISSED WITH PREJUDICE** against all defendants; and

      b. That plaintiff's Third Claim for Relief, alleging a state law claim of negligence, is **DISMISSED WITHOUT PREJUDICE** against the CMRC defendants for lack of supplemental jurisdiction; and

6. That judgment **SHALL ENTER** as follows:

      a. That judgment with prejudice **SHALL ENTER** on behalf of defendants, Philip Aragon, Lou Archuleta, Mary Carlson, James Cooper, Steven Hager, Paul Hollenbeck, Kristin Watt, John Doe, Richard LaLonde, James Markum, and Community Education Centers, Inc., d/b/a Cheyenne Mountain Re-Entry Center, against plaintiff, Lester Williams, on plaintiff's First and Second Claims for Relief under 42 U.S.C. § 1983; and

      b. That judgment without prejudice **SHALL ENTER** on behalf of defendants, Richard LaLond, James Markum, and Community Education Centers, Inc., d/b/a Cheyenne Mountain Re-Entry Center, against plaintiff, Lester Williams, on plaintiff's Third Claim for Relief, alleging a state law claim of negligence.

Dated September 29, 2014, at Denver, Colorado.

                **BY THE COURT:**

                *[signature: Bob Blackburn]*
                Robert E. Blackburn
                United States District Judge